**E-FILED**
Friday, 19 August, 2016  12:01:19 PM
Clerk, U.S. District Court, ILCD



UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
OFFICE OF THE CLERK

# RUSHVILLE
## SCANNING COVER SHEET

## Notice – Please read and carefully follow these instructions.

1. Each pleading must have this cover sheet on top.
2. Each pleading must be legible. Typed, double-spaced pleadings are preferred.
3. All pages must be numbered.
4. Each pleading must be scanned separately as one complete document. A pleading may not be scanned page by page. If the pleading is more than 25 pages, then the pleading must be scanned and submitted in multiple emails with a maximum size of 25 pages. The subject line of each email should specify the range of pages included within. (For example, a 40 page pleading would be broken into 2 emails, the first with a subject line "Email 1 of 2 – Pages 1-25" and the second with a subject line of "Email 2 of 2 – Pages 26-40".)
5. Discovery requests and responses are not filed with the Court unless they are part of a motion to compel. Discovery requests and responses shall not be electronically filed per Local Rule 26.3. However, a Certificate of Service may be scanned stating you have served your discovery documents on the other parties in the case.
6. Only lines and boxes included on this form should be filled out. Do not provide any other information regarding your pleading on this Scanning Cover Sheet.

## Please complete the following (Print):

Date: _8/19/16_

Name: _Powers vs White et al_

Case Number: _New Complaint_  ☐ (Check here if this is a new case)

## Type of Pleading (Check only one):

☐ Motion / Petition
☐ Response / Reply
☐ Other (Specify) _42 USC Complaint_  _10 pgs_
                  _Application for ___  1 pg_

Title of Pleading: _Motion To Appt Counsel_  _1 pg_
(For Example, "Motion to Compel" or "Response to Summary Judgment")

Number of Pages for this Pleading (Not including Scanning Cover Sheet): _12 pgs_

IN THE

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT COURT OF ILLINOIS

| | | |
|---|---|---|
| THOMAS POWERS | } | |
| PLAINTIFF | } | |
| VS. | } | CASE NO._____ |
| JACQUELINE WHITE /Amber Jelinek | } | "NEW COMPLAINT" |
| JANE OR JOHN DOE | } | |
| DEFENDANTS | } | |

CIVIL RIGHTS  COMPLAINT
PURSUANT TO
42 U.S.C. 1983

JURISDICTION:

1. The jurisdiction of this court is invoked pursuant to the Civil Rights
Act 42 U.S.C. 1983, 42 U.S.C 1985, 42 U.S.C. 1986 et seq. The judicial
code, 28 U.S.C. 1331 and  1343 (a), and supplementary jurisdiction pursuant
to 28 U.S.C 1367(a).

2. This court has authority pursuant to 28 U.S.C 2201 and 2202 to provide
appropriate declaratory relief as to matters within its jurisdiction and
has authority under 42 U.S.C. 1988 to award attorney  fees and cost to
successful civil rights plaintiffs.


VENUE:

3. Pursuant to 28 U.S.C. SECTION 1391 (a)(1) and 29 U.S.C Section 1132(e)
(2), Venue is proper in the Central District of Illinois, as this is where
the Constitutional breach occurred and the Defendants are located inthe
District as well.

PARTIES:

4. The Plaintiff Thomas Powers, was at all times relevant  of this complaint
a citizen of the United States  of America, and as such is guaranteed
all rights, priviledges, immunities and safeguards of the United States
Constitution is entitled to it's protections. Plaintiff has exhausted
his Administratve Remedies.

5. Defendant JACQUELINE WHITE, was at all times relevant to this complaint
a Contractual emplyee of the State of Illinois while acting under "color
of law", and engaging in the conduct complained of herein. This defendant
was personally involved  and directly responsible for the violation of
the Plaintiff's constitutional rights and is sued in her individual capacity.
6. DEFENDANT JANE OR JOHN DOE WAS AT ALL TIMES RELEVANT TO THIS COMPLAINT A
CONTRACTUAL EMPLOYEE OF TH ESTATE OF ILLINOIS WHILE ACTING UNDER"COLOR OF
LAW", AND ENGAGING IN THE CONDUCT COMPLAINED OF HEREIN. THIS DEFENDANT WAS
PERSONALLY INVOLVED AND DIRECTLY RESPONSIBLE FOR THE VIOLATION OF THE PLAIN-
TIFF'S CONSTITUTIONAL RIGHTS AND IS SUED IN HER OR HIS INDIVIDUAL CAPACITY.

2.

FACTS:

7. Plaintiff is not a prisoner.

8. Plaintiff is not being held for, or actively serving a sentence for any felony convictions. or misdeamor convictions.

9. Plaintiff is not accused of, convicted of, sentenced for, or adjudicated for, violations of criminal law or terms and conditions of parole,mandatory supervised release,probation,pretrial release, or diversionary programs.

10. Plaintiff is being detained pursuant to the Illinois Sexual Violent Persons Commitment Act (725 ILCS 207/1 et seq.,for the purpose of psychia- tric treatment for a psychological condition that has been diagnosed by a doctor mandating treatment for which even a lay person recognised the necessity for Mental Health Treatment.

11. The defendants are legally responsible for providing treatment for the Plaintiff's psychological needs and have intentionally deprived me of my constitutional right to treatment based on inadequacy and financial concerns of the defendants.

12. Plaintiff arrived on June 26,2012 to the Illinois Department of Human Services Treatment and Detention Facility based on an alleged mental diag- nosi that the Plaintiff suffers from Paraphilia Not Otherwise Specified, Nonconsent.

13. Paraphilia is recurrent intense sexual arousing fantansies,urges or behaviors involving non-consenting persons.

14. On February 26,2014, plaintiff's diagnosis was changed to the DSM-5 diagnosis of Other Specified Paraphilic Disorder,Nonconsent.

15. In Kansas v. Hendricks, 521 U.S. at 368,117 S.CT 2072, the state re- presented to the Supreme Court that individuals committed under the Act at issue in that case were recieving in the neighborhood of 31-1/2 hours of treatment per week and the duration of the program was 24 to 32 months.

16. Plaintiff is not recieving any treatment for this sexual violent disorder.

17. Defendants have and continue to fail to provide the Plaintiff adequate treatment.

18. Treatment plans are not detailed or individualized, treatment staff is not qualified or licensed to treat sexually violent persons.

4.

19.  PLAINTIFF HAS CONTINOUSLY REQUESTED "SEX OFFENDER SPECIFIC" TREATMENT.

20.. AS STATED PLAINTIFF IS DETAINED PURSUANT TO THE SEXUAL VIOLENT PERSONS ACT 725 ILCS 207/1 et al FOR CARE CUSTODY AND TREATMENT.

21. DEFENDANT JACQUELINE WHITE WAS HIRED CONTRACTUALLY BY THE ILLINOIS DEPARTMENT OF HUMAN SERVICES ON OR ABOUT AUGUST OF 2014.

22. DEFENDANT JACQUELINE WHITE WAS LICENSED PURSUANT TO THE SEX OFFENDER EVALUATION TREATMENT PROVIDER ACT (225 ILCS 109/1 et seq) ON MAY 28,2015.

23. FROM AUGUST 2014 TO MAY 28,2015 DEFENDANT WHITE WAS NOT LICENSED TO CONDUCT TREATMENT ON THE PLAINTIFF YET WHITE WAS ACTIVELY A FACILITOR TO THE PLAINTIFF IN THE GROUP OF "TACTICS".

24. IN SEPTEMBER OF 2014 DEFENDANT WHITE REQUESTED THE PLAINTIFF TO ATTEND AN ANCILLARY GROUP OF "TACTICS".

25. PLAINTIFF WITHOUT KNOWLEDGE DID NOT KNOW THAT DEFENDANT WHITE WAS NOT LICENSED  PURSUANT TO THE "SOETP ACT" (225 ILCS 109/1) ACCEPTED THE GROUP OF "TACTICS" WITH DEFENDANT WHITE AS AN FACILITOR.

26. MS. WHITE  LACKEDA STANDARD OF "PROFESSIONAL JUDGEMENT" BY ACTIVELY FACILIATING THE GROUP "TACTICS" AND NOT BEING LICENSED TO DO SO.

27. FURTHERING WHITE'S UNPROFESSIONAL CONDUCT WHITE CONSPIRED WITH DR.BLOCK (DEFENDANT IN POWERS V. BLOCK CASE NO. 15-4083 USDC) ON DECEMBER 9,2014 WHILE THE PLAINTIFF WAS IN THE GROUP "TACTICS" DISCUSSING A TOPIC OF "FEAR" WAS INFORMED THAT THE PLAINTIFF THREATENED THE FACILIATORS WITH LEGAL ACTION.

28. ON DECEMBER 11,2014 BASED ON THE  INCIDENT REPORT WRITTEN BY DEFENDANT WHITE AND DR. BLOCK THE PLAINTIFF WAS STRIPPED TO HIS UNDERWEAR,ALL HIS PERSONAL PROPERTY WAS TAKEN, AND PUT ON SUICIDE WATCH IN RETALIATION FOR THE PLAINTIFF BEING A LITIGATION WRITER.

29. THIS ACT HAS LEFT THE PLAINTIFF EMOTIONALLY SCARRED. THE PLAINTIFF HAVING OVER 18 YEARS OF PRISON INCARCERATION HAS NEVER FELT THE EMOTIONAL SCARRING OF HELPLESSNESS AS HE DID ON DECEMBER 11,2014 WITHIN THE WALLS OF A TREATMENT CENTER. A TREATMENT CENTER THAT THE PLAINTIFF HAS COME TO FOR THE CARE CUSTODY AND TREATMENT FOR THE MENTAL DISORDER THAT THE PLAINTIFF HAS BEEN DIAGNOSED AS HAVING "OTHER SPECIFIED PARAPHILIC DISORDER "NONCONSENT".

30. DEFENDANT WHITE DID THIS TO THE PLAINTIFF BECAUSE SHE CAN.

31. PLAINTIFF UNDERWENT MAJOR BACK SURGERY FUSING L3/L4 ON DECEMBER 23,2014 RETURNING TO THE "TDF" FACILITY ON DECEMBER 24,2014 ONLY TO BE MET BY DEFENDANT WHITE WHILE THE PLAINTIFF IS IN SEVERE PAIN THAT AFTER FOUR MONTHS OF "TACTICS" YOU WILL NOT BE RECEIVING CREDIT FOR THE GROUP.

32. WHITE GLOATING OVER THAT DECISION.

4.

33. THE PLAINTIFF WAS RETAILATED AGAINST BY DEFENDANT WHITE CONSPIRING WITH OTHER BLUE TEAM THERAPISTS BECAUSE THE PLAINTIFF HAS A HISTORY OF FILING CIVIL RIGHTS ACTIONS, GREIVANCES AND BEING A LITIGATION WRITER. SEE WESTEFAR V. SNYDER 422 F  3d  570.

34. DOCTOR AMBER JELINEK IS A SENIOR THERAPIST FOR THE BLUE TEAM.
35. DOCTOR JELINEK WAS THE PLAINTIFF'S FIRST PRIMARY THERAPIST FROM JUNE 26, 2012 to OCTOBER 2012.

36. PLAINTIFF LODGED NUMEROUS GRIEVANCES AGAINST DR. JELINEK FOR STATING THE PLAINTIFF WAS "INAPPROPRIATE" WHICH THAT WORD ENDED UP IN THE PLAIN-TIFF'S "SVP" EVALUATION BECAUSE OF JELINEK'S PROGRESS NOTE. PLAINTIFF'S ONLY COMMENT TO JELINEK WAS HER BELIEF IN GOD, JELINEK STATED THIS IS INAPPROPRIATE BUT IN REALITY IT IS THE PLAINTIFF'S FUNDAMENTAL RIGHT TO BE EQUALLY YOKED IN A RELATIONSHIP INCLUDING DOCTOR/PATIENT. PLAINTIFF WAS NOT INAPPROPRIATE FOR ASKING JELINEK ABOUT HER BELIEF IN GOD.
37. JELINEK FURTHER WENT ON TO SAY THAT THE PLAINTIFF WAS FAKING ABOUT THE PLAINTIFF DEGENERATIVE HIP THAT WAS REPLACED IN JULY OF 2013.
38. ONE OF THE MOST DAMAGING STATEMENT AND MOST UNPROFESSIONAL COMMENT MADE BY JELINEK WAS SHE STATED "IF YOUR DAUGHTER COMES HERE TO VISIT YOU THAT EVERYONE IN THAT VISITING ROOM WOULD WANT TO RAPE HER".
39. JELINEK IS RESPONSIBLE FOR ASSISTING NEW THERAPISTS IN TRAINING ABOUT THE "SVP" PROGRAM. DEFENDANT WHITE WAS TRAINED BY DOCTOR JELINEK
40. DEFENDANT WHITE BECAME THE PLAINTIFF'S PRIMARY THERAPIST OVER THE PLAINTIFF'S OBJECTION IN OCTOBER OF 2015.

41. WHITE STATED THAT SHE IS ONLY REQUIRED TO MEET WITH PLAINTIFF FOR ONLY 30 MINUTES PER MONTH.

42. PLAINTIFF HAS FILED A GRIEVANCE ON WHITE ON OCTOBER 29,2015 FOR HER DENIAL OF FACE TO FACE THERAPY THAT IT IS INADEQUATE AND MINIMAL.
43. ALSO ON OCTOBER 29,2015 WHITE CALLED THE PLAINTIFF A "LIAR" ON WHETHER THE PLAINTIFF MASTERBATED AS AN ADOLESCENT, THIS CONDUCT LACKS PROFESSIONAL JUDGEMENT.

44. ON NOVEMBER 20,2015 WHITE STATED THAT THE PLAINTIFF WAS NOT TO BRING UP HIS DIAGNOSIS UP.

45. WHITE DELIVERED A MESSAGE FROM HER BOSSES DR. JUMPER AND DR.  LODGE THAT MY REQUEST FOR 30 HOURS A WEEK AND A DURATION OF TWENTY FOUR MONTHS TO COMPLETE THIS PROGRAM WAS ONLY VERBALIZED  BY WHITE "THAT THE GROUP HOURS ARE NOT CONSISTENT WITH THIS FACILITIES TREATMENT PROGRAM".
46. ON DECEMBER 8 2015 WHITE THREATENED TO KICK THE PLAINTIFF OUT OF AUTO-BIOGRAPH, NON SEX OFFENDER SPECIFIC GROUP; WHITE REFUSES TO GIVE PLAINTIFF

5.

THE NECESSARY TREATMENT TO LEAVE HERE.

47. WHITE'S ADDITIONAL CONDUCT OF DENYING THE PLAINTIFF TREATMENT BECAUSE OF HIS LITIGATION IN FEBRUARY 2015 WHITE STATED THAT THE PLAINTIFF REFUSED "AUTOBIOGRAPHY" WHITE NEVER TALKED WITH THE PLAINTIFF. WHITE REFUSED TO GIVE CREDIT FOR "DBT-DISTRESS TOLERANCE STATING ON JULY 17,2015 THAT THE PLAINTIFF WAS MAKING "INAPPROPRIATE" COMMENTS IN GROUP.

48. WHEN PLAINTIFF ASKED WHAT INAPPROPRIATE COMMENTS WHITE STATED "YOU BROUGHT UP YOUR DIAGNOSIS AGAIN".

49. ALL OF WHITE'S PROGRESS NOTES ARE MISLEADING TAKING THE TRUTH OUT OF CONTENT,NEGATIVE FEEDBACK TO STALL THE PLAINTIFF'S PROGRESS IN TREAMENT.

50. SINCE WHITE HAS BECOME THE PLAINTIFF'S PRIMARY THERPIST SHE HAS CON-TINUED TO STALL THE PLAINTIFF'S TREAMENT BECAUSE OF LITIGATION.

51. WHITE HAS WROTE OUT TWO TREATMENT PLANS 1} JANUARY 2016 and 2} JULY OF 2016. PLAINTIFF HAS NOT AGREED WITH THE LIES THAT WHITE HAS PUT IN THESE PLANS. WHITE WROTE OUT THESE PLANS PLAINTIFF DID NOT HAVE A SAY-SO.

52. ON JANUARY 13,2016 WHITE STATED THAT THE PLAINTIFF WILL COMPLETE "PPG" TO ADVANCE TO "PHASE TWO" BY JUNE 2016 {EVEN THOUGH THE "PPG" WAS TO BE CONDUCTED BY JANUARY 2013 { STATED BY DR. AMBER JELINEK IN PLAINTIFF'S FIRST TREATMENT PLAN IN JULY 2012.

53. NOW OVER FOUR YEARS THE "PPG" STILL HAS NO BEEN CONDUCTED.

54. ON FEBRUARY 16,2016 WHITE INFORMED THEPLAINTIFF THAT HIS TREATMENT IS STALLED BECUASE OF THE LAWSUIT OF POWERS V.BLOCK 15-4083 USDC-CD.

55. PLAINTIFF FILED AN AMENDED COMPLAINT ON DECEMBER 30,2015 AND IN MARCH OF 2016 JUDGE MYERSCOUGH RULED ADDING JACQUELINE WHITE AS A DEFENDANT.

56. WHITE HAS STATED TO THE PLAINTIFF THAT PLAINTIFF TALKING ABOUT HIS DIAGNOSIS OF OTHER SPECIFIED PARAPHILIC DISORDER "NONCONSENT" IS LEGAL AGENDA.

57. PLAINTIFF'S BEHAVIOR TOWARD THE DIAGNOSIS AND ASKING MORE INFORMATION FROM A LICENSED SEX OFFENDER TREATMENT PROVIDER IS A REQUEST FOR TREATMENT TO KNOW THE SYMPTOMS OF THIS MENTAL DISORDER.

58. THE FACT THAT THE DEFENDANT WHITE REFUSES TO ADDRESS THE DIAGNOSIS ONLY GIVES CREDANCE THAT THIS TREATMENT IS A SHAM.

59. PLAINTIFF HAS CONTINOUSLY ASKED FOR SEX OFFENDER TREATMENT.

60. ON APRIL 6,2016 PLAINTIFF WAS REMOVED FROM TREATMENT FOUNDATIONS { AN NONSEX OFFENDER SPECIFIC GROUP} WITH JACQUELINE WHITE AND DR. HOLLY SMUZYNSKI AND PUT IN TREATMENT FOUNDATIONS WITH DR. AMBER JELINEK AND DR. MARY AMANDA BEAVER.

61. PLAINTIFF INFORMED WHITE OF THE PAST PROBLEMS WITH JELINEK, WHITE STATED "WE ARE JUST SHAKING THINGS UP".

62. IN THE APRIL 6,2016 GROUP WITH DR.JELINEK BECAME ARGUMENTIVE WITH
THE PLAINTIFF, IT WAS VERY NOTICEABLEFOR ALL TO SEE IN THE GROUP,JELINEK
CUT THE PLAINTIFF OFF THREE TIMES WHILE PLAINTIFF WAS ON FOCUS AND STATED
TO THE PLAINTIFF THAT HE IS PLAYING GAMES WITH HER AND THAT SHE WOULD
NOT PLAY GAMES WITH THE PLAINTIFF. PLAINTIFF DOES NOT KNOW WHAT JELINEK
IS TALKING ABOUT. PLAINTIFF WAS ON FOCUS TO TALK ABOUT HIS BARRIERS.

63. ON APRIL 10,2016 PLAINTIFF WROTE BLUE TEAM LEADER ABOUT JELINEK'S
UNPROFESSIONAL CONDUCT.

64. ON APRIL 28,2016 JELINEK WROTE ABOUT THE APRIL 6,2016 GROUP DIRECTING
THAT THE PLAINTIFF WAS ARGUMENTIVE AND WAS ASKED TO LEAVE BUT DR. BEAVER
ALSO WROTE ABOUT THE APRIL 6,2016 GROUP GIVING A MUCH DIFFERENT VERSION
THAN JELINEK.

65. DR. JELINEK'S NOTES WERE WRITTEN IN RETALIATION BECAUSE OF PAST GRIE-
VANCES AGAINST AND TO CONSPIRE WITH WHITE TO CONTINOUSLY STALL THE PLAINTIFF'S
TREATMENT.

66. ON APRIL 12,2016 PLAINTIFF WROTE WHITE TO DISCUSS TAKING RESPONSIBILITY
FOR PAST SEXUAL OFFENSES, HOW TO LEARN NOT TO BLAME OTHERS, BEING OPEN
AND HONEST TO LEARN ANY THINKING ERRORS THAT WOULD LEAD TO SEXUAL BEHAVIORS
AND OFFENSES AND ASKING FOR AT LEAST ONE HOUR A WEEK TO DO SO.

67. ON APRIL 21,2016 ( IN A FIVE MINUTE PRIMARY CONTACT) WHITE INFORMED
THE PLAINTIFF IN A VERY LOUD VOICE THAT SHE IS NOT HERE TO DISCUSS THE
ABOVE ISSUES. SHE THEN STATED THAT "I ASKED HER ALL THESE QUESTIONS(TALKING
ABOUT INTERROGATORIES IN POWERS V BLOCK) THAT SHE IS JUST GOING TO CONTINUE
TO WRITE IN PROGRESS NOTES THAT I AM DEFENSIVE VAGUE AND KEEP BRINGING
UP LEGAL ADGENDA.

68. WHITE  CANNOT GET PAST THE FILING OF THE COMPLAINT AND SHE WILL DO
EVERYTHING SHE CAN TO STOP THE PLAINTIFF'S PROGRESS.

69. ANOTHER MODULE IN APRIL 2016 BEGAN AND WHITE REFUSED TO PUT THE PLAINTIFF
IN PHASE TWO

70. ON JUNE 14,2016 THE PLAINTIFF WAS MOVED OUT HIS CELL INTO ANOTHER
CELL.WHITE NEVER INFORMED THE PLAINTIFF OF THIS MOVE OR DID SHE EVER PRO-
FILE THE CELL.

71. THE PLAINTIFF PUT IN NUMEROUS REQUESTS FOR CLINICAL AND MEDICAL RECORDS
PARTICULARILY REPORTS FROM MAY OF 2016.

72. ON JUNE 21,2016 WHITE INFORMED THE PLAINTIFF THAT SHE WOULD "FAST
TRACK" THE PLAINTIFF THAT SHE WOULD LIKE TO SEE THE PLAINTIFF OUT OF THE
"TDF", THAT SHE DOES NOT BELIEVE THE PLAINTIFF'S DIAGNOSIS IS VALID AND
THAT DR. JUMPER AND LODGE ARE STALLING THE PLAINTIFF'S TREATMENT. THIS

CONVERSATION OCCURRED WHEN WHITE WAS DELIVERING MEDICAL NOTES.

73. ON JUNE 22,2016 PLAINTIFF MOVED TO DISMISS JACQUELINE WHITE FROM THE
MATTER OF POWERS V BLOCK 15-4083 USDC-CD. JUDGE MYERSCOUGH DISMISSED WHITE
FROM THAT MATTER.

74. ON JUNE 22,2016 PLAINTIFF INFORMED WHITE THAT HE FILED A MOTION TO DIS-
MISS HER FROM THE ACTION.

75. ON JULY 8,2016 ( A FORTY MINUTE PRIMARY CONTACT) THE PLAINTIFF AND
JACQUELINE WHITE WENT THROUGH THE PLAINTIFF'S PREDICATE OFFENSE DESCRIPTION
WHITE GAVE EVERY INDICATION THAT SHE WAS MOVING THE PLAINTIFF THROUGH
THE PROGRAM THIS PRIMARY CONTACT WAS THE FIRST TIME THE PLAINTIFF DISCLOSED
HIS OFFENSE DESCRIPTION.

76. ON JULY 13,2016 WHITE  AT THE PLAINTIFF'S STAFFING GAVE A DIFFERENT
INDICATION THAT SHE GAVE AT HER NEGATIVE FEEDBACK.

77. I FELT SOMEWHAT DECEIVED  BY WHITE AND FELT THAT I SHOULD NOT HAVE
DISMISSED WHITE FROM THE CIVIL ACTION.

78. ON JULY 18,2016 DELIVERED A "YELLOW STICKER" STATING THAT THE PLAINTIFF
MUST REDO AUTOBIOGRAPHY,ACTMINDFULLNESS AND A NEW GROUP CALLED TREATMENT
CONCEPTS (WHICH IS SIMILAR TO "ORIENTATION") AND THIS HAS TO BE DONE BEFORE
GOING BACK TO TREATMENT FOUNDATION. NO DISCUSSION ON MOVING ON TO PHASE
TWO.

79. ON JULY 29,2016 THE PLAINTIFF MOVED WITH A MOTION TO REINSTATE JACQUELINE
WHITE AS A DEFENDANT IN THE MATTER OF POWERS V BLOCK 15-4083 USDC-CD.

80. ON AUGUST 12,2016 WHITE PRESENTED AN AFFIDAVIT  IN THE MATTER STATING
THE PLAINTIFF LIED ABOUT THE EVENTS IN THE PLAINTIFF'S MOTION TO REINSTATE
JACQUELINE WHITE.

81. WHITE'S CONTACT ARE MINIMAL ON AN AVERAGE OF TWENTY MINUTES A MONTH
THIS IS A CONTINOUS DENIAL OF ADEQUATE TREATMRENT DEPRIVING THE PLAINTIFF
OF HIS LIBERTY INTERESTS TO BE FREE FROM INHUMAN  TREATMENT AND TO BE
FROM PUNISHMENT AND HAVING CAUSED THE PLAINTIFF SEVERE INFLICTION OF HOPE-
LESSNESS

82. WHITE HAS BEACHED THE CONTRACT BETWEEN LIBERTY HEALTHCARE THE PLAINTIFF
AND THE ILLINOIS DEPARTMENT OF HUMAN SERVICES FOR THE TREATMENT AND DETEN-
TION FACILITY.

83  PLAINTIFF'S STAY AT THE TREATMENT AND DETENTION FACILITY IS PUNITIVE
INCARCERATION WITHOUT MEANINGFUL OPPORTUNITY  FOR RELEASE.

84. WHITE IS RESPONSIBLE TO PROVIDE TREATMENT FOR THE PLAINTIFF'S SERIOUS
PSYCHOLOGICAL NEEDS.

85. PLAINTIFF'S PLAUSIBLE CLAIM THAT FUNDAMENTAL LIBERTY INTEREST PROTECTED

8.

BY THE FOURTEENTH AMENDMENT  HAS BEEN VIOLATED BY THIS ARBRITARY ACTION
BY WHITE.

86. PLAINTIFF HAS REMAINED IN PHASE ONE SINCE HE HAS ARRIVED AT THE "TDF"
AND  HAS BEEN RETALIATED AGAINST BECAUSE HE IS A LITIGATION WRITER BY
DEFENDANT WHITE

87. PLAINTIFF'S DUE PROCESS RIGHTS HAVE BEEN VIOLATED BY WHITE FOR HER
FAILURE TO PROVIDE ADEQ ATE TREATMENT FOR TH EDIAGNOSIS OF THE PLAINTIFF.

## LEGAL CLAIMS
### COUNT ONE

JACQUELINE WHITE  HAS DENIED THE PLAINTIFF  ADEQUATE TREATMENT
denying the plaintiff to be free from physical restraint
JACQUELINE WHITE HAS DENIED THE PLAINTIFF IN RETALIATION FOR BEING
A LITIGATION WRITER IN VIOLATION  OF THE PLAINTIFF'S
DUE PROCESS  OF THE FOURTEENTH AMENDMENT AND THE PLAINTIFF'S
FIRST AMENDMENT

88. PLAINTIFF  REALLEDGES AND INCORPORATES BY REFERENCING PARAGRAPHS 1- 87.

89. THE ACTION OF JACQUELINE WHITE DEPRIVING THE PLAINTIFF WITH ADEQUATE
TREATMENT FOR THE PLAINTIFF SUFFERS IS SO MINIMAL IT SO LACKING AND IS
DONE BECAUSE THE PLAINTIFF IS A LITIAGATION WRITER WHO FILES LAWSUITS
AND  GRIEVANCES HAS VIOLATED THE PLAINTIFF'S FIRST AND FOURTEENTH AMENDMENT
OF THE UNITED STATE CONSTITUITION. THE PLAINTIFF WILL CONTINUE TO BE IRRE-
PARABLY INJURED BY THE CONDUCT OF THE DEFENDANT UNLESS THIS COURT GRANTS
DECLARATORY AND INJUNCTIVE RELIEF WHICH THE PLAINTIFF SEEKS.

### COUNT TWO

AMBER JELINEK HAS DENIED THE PLAINTIFF ADEQUATE TREATMENT
DENYING THE PLAINTIFF TO BE FREE FROM  PHYSICAL RESTRAINT
AMBER JELINEK HAS DENIED THE PLAINTIFF IN RETALIATION FOR BEING
A LITIGATION WRITER IN VIOLATION OF THE PLAINTIFF'S
DUE PROCESS OF THE FOURTEENTH AMENDMENT AND THE PLAINTIFF'S
FIRST AMENDMENT

90. PLAINTIFF REALLEDGES AND INCORATES  BY REFERENCING PARAPGRAPHS 1-89.

91. THE ACTION OF AMBER JELINEK DEPRIVING THE PLAINTIFF WITH ADEQUATE
TREATMENT FOR TH EPLAINTIFF SUFFERS IS SO MINIMAL IT SO LACKING AND IS
DONE BECAUSE THE PLAINTIFF IS A LITIGATION WRITER WHO FILES LAWSUITS AND

grievances  has violated the plaintiff's first and fourteenth amendment
OF THE UNITED STATES CONSTITUTION. THE PLAINTIFF WILL CONTINUE TO BE IRRE-
PARABLY INJURED BY THE CONDUCT OF THE DEFENDANT UNLESS THIS COURT GRANTS
DECLARATORY RELIEF AND INJUNCTIVE RELIEF WHICH THE PLAINTIFF SEEKS.

### PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT THIS COURT ENTER JUDGEMENT
GRANTING PLAINTIFF:

92. A DECLARATION THAT THE ACTS AND OMISSIONS DESCRIBED HEREIN VIOLATED
THE PLAINTIFF'S RIGHTS UNDERTHE CONSTITUTION OF THE UNITED STATES.

93. A PRELIMINARY AND PERMANENT INJUNCTION ORDERING DEFENDANTS WHITE AND
JELINEK TO STOP DENYING THE PLAINTIFF ADEQUATE TREATMENT  AND A DURATION
OF TIME FRO COMPLETION  OF THIS PROGRAM.

94. COMPENSATORY DAMAGES IN THE AMOUNT OF $250,000.00 DOLLARS AGAINST
EACH DEFENDANT JOINTLY AND SEVERALLY.

95. PUNITIVE DAMAGES IN THE AMOUNT OF $500.000.00 AGAINST EACH DEFENDANT
TO DETER ANY OTHER TO CONDUCT SIMILAR ACTION.

96. A JURY TRIAL ON ALL ISSUES TRIABLE BY JURY.

97. PLAINTIFF'S COST IN THIS SUIT.

98. ANY ADITIONAL RELIEF THIS COURT DEEMS JUST PROPER AND EQUITABLE.

DATE:  8/15/16

RESPECTFULLY SUBMITTED

THOMAS POWERS
17019 COUNTY FARM ROAD
RUSHVILLE ILLINOIS 62681
217-322-3204

### VERIFICATION

I HAVE READ THE FOREGOING COMPLAINT AND HEREBY VERIFY THAT THE MATTERS
ALLEGED THEREIN ARE TRUE, EXCEPT AS TO MATTERS ALLEGED ON INFORMATION
AND BELIEF AND AS TO THOSE, I BELIEVE TEM TO BE TRUE. I CERTIFY UNDER
THE PENALTY OF PERJURY  THAT THE FOREGOING IS TRUE  AND CORRECT. EXECUTED
AT RUSHVILLE ILLINOIS ON  8/15/16 .

THOMAS POWERS

10.